No.    95-549

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE THE MATTER OF THE PATERNITY
AND CUSTODY OF T.J.H.,
a minor child

FILED

AUG 22 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and for the County of Flathead,
                The Honorable Ted O. Lympus, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Richard DeJana, Kalispell, Montana

        For Respondent:

        James C. Bartlett, Hash, O'Brien & Bartlett,
        Kalispell, Montana

FILED

AUG 2 2 1996

Filed:

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:    June 4, 1996

                Decided:    August 22, 1996

_____
                Clerk

Justice James C. Nelson delivered the Opinion of the Court.

The mother of the minor child appeals the findings of fact, conclusions of law, and order entered by the Eleventh Judicial District Court, Flathead County increasing child support from $200 a month to $261 a month. We affirm in part, reverse in part, and remand for further proceedings.

## ISSUES

1. Did the District Court err in imputing wages of $12,000 to the mother and was this imputation of income supported by substantial evidence?

2. Did the District Court properly apply 40.30.1520 (3), ARM, in considering that the husband was supporting two children from his present marriage in addition to the child for which the child support increase was sought?

3. Did the District Court properly implement 46.30.1508 (2), ARM, in not adding the husband's bonus to his gross income?

## BACKGROUND

Upon the father's petition for paternity and custody of the minor child, on August 10, 1993, the mother and father stipulated to joint custody, that the mother would be designated as the primary residential parent and that child support would be determined within 60 days. In its initial findings of fact, conclusions of law and order entered May 29, 1985, the District Court had ordered the father to pay the mother $200 a month for child support.

On June 22, 1995, the mother moved the District Court to redetermine support for the minor child, which motion the father of the child opposed. The mother is a part time waitress and she agreed to impute $8,772 as her income. The mother stated that she may be able to increase her work hours from 15 to 30 hours a week to a full 40 hours a week. The father stated that $12,000 should be imputed to the mother as income because she is able to work full time. The father is a supervisory employee at Plum Creek where he earns an annual salary of $44,055. He is also supporting two children from his present marriage.

The District Court heard the matter on August 30, 1995, and requested that both parties submit proposed findings of fact and conclusions of law. After considering the evidence presented and the trial memoranda, the District Court modified the existing support order, taking into consideration that the husband supports two other children. The court imputed an income of $12,000 to the mother, and determined that father's bonus is income for his hard work and therefore is income for the benefit of his second family. The mother appeals these findings of fact, conclusions of law and order entered by the District Court.

STANDARD OF REVIEW

We review a district court's findings of fact in child support modification cases to determine whether they are clearly erroneous. In re Marriage of Kovash (1995), 270 Mont. 517, 521, 893 P.2d 860, 862-63. However, we review a district court's overall decision on modification of child support awards to determine whether the

3

court's interpretation of the law was correct.  <u>Marriage of Kovash</u>, 893 P.2d at 863.

DISCUSSION

1.  Did the District Court err in imputing wages of $12,000 to the mother and was this imputation of income supported by substantial evidence?

The mother contends that the District Court based its imputation of income of $12,000 to her on a finding for which there was not substantial evidence.  She therefore argues that the court's decision was clearly erroneous.  On the other hand, the father argues that the District Court heard evidence that the mother was capable of doing the same type of work full time and therefore she was underemployed.

The guideline at issue, 46.30.1513, ARM, states:

<u>DETERMINATION OF IMPUTED INCOME</u>
(1)  "Imputed income" means income not actually earned by a parent, but which may be attributed to the parent because the parent is voluntarily unemployed, is not working full-time when full-time work is available, or the parent is intentionally working below his or her ability or capacity to earn income.
(2)  Income may be imputed according to one of two methods as appropriate:
(a)  Determine employment potential and probable net earnings level based on the parent's recent work history, occupational qualifications, and prevailing job opportunities and earnings level in the community. . .
(c) Whenever income is imputed to an unemployed parent who is providing in-home care for the child for whom support is being calculated, and if that parent would be required to incur child care expenses if employed at the imputed level, then the imputed income should be reduced by the reasonable value of the parent's child care service.
(d)  Income should not be imputed if any of the following conditions exist:
     (i)  the reasonable costs of day care for the
     parties' dependant children will offset, in

4

whole or in substantial part, the amount of
income the custodial parent can earn.

In the instant case, in her child support guidelines financial affidavit, the mother stated that she worked 15 to 30 hours a week at $5.20 an hour. The mother also testified that there was nothing to prevent her from working another shift or working a 40-hour week. Without tips, the mother could gross $10,816 working a 40-hour week at $5.20 an hour. Therefore, the husband suggested imputing income at $5.77 per hour, $5.20 base wage plus $.57 per hour for tips, for a 40-hour work week for a total gross of $12,000. Figuring income from tips and from the base hourly wage, the mother could work less than a 40-hour week and still make $12,000.

We hold that the District Court correctly imputed income to the mother according to the methods set forth in 46.30.1513, ARM. The court properly determined the mother's employment potential and probable net earnings level based on her work history, occupational qualifications, job opportunities, and earnings level in the community. The mother testified that she anticipated being able to work 40 hours a week and is not physically prevented from doing so. The District Court's interpretation and application of 46.30.1513, ARM, was correct and its findings were within the evidence presented. Accordingly, we affirm the District Court's imputation of income to the mother.

2. Did the District Court properly apply 40.30.1520 (3), ARM, in considering that the husband was supporting two children from

5

his present **marriage in** addition to the child for which the child support increase was sought?

The mother contends that a court may consider the noncustodial parent's other natural born and adopted children only when the custodial parent petitions to increase child support. The mother further contends that she did not petition for an increase in child support but rather petitioned for the court to make a redetermination of child support in which she sought to increase that support.

Section 46.30.1520, ARM, provides in part:

ALIMONY, MAINTENANCE, PRE-EXISTING CHILD SUPPORT OBLIGATIONS AND RESPONSIBILITY FOR OTHER CHILDREN
(1) The amount of alimony or spousal maintenance which a parent is required to pay under a court or administrative order should be deducted from gross income.
(2) For the support of children who are not subject of the child support action:
(a) the amount of the order should be deducted from the parent's gross income if there is a pre-existing support order        .
(3)   Use of the deductions provided in this rule are appropriate at the **time** of the establishment of a child support order.   In a proceeding to modify an existing order, the following limitations apply:  .
(b)   If the custodial parent with a support order petitions to increase'child support, all other natural born and adopted children of the non-custodial parent may be considered in determining whether to increase the support order.

Here, the District Court correctly applied the guideline. Although not labeled a petition to increase child support, the mother sought a child support increase from an existing support order. Therefore, in determining the increase, the District Court correctly considered the father's other natural born and adopted children. The District Court had the discretion to consider the

father's present family support obligations. Accordingly, we hold that the District Court correctly interpreted the law in its determination to increase the child support.

3. Did the District Court properly implement 46.30.1508(2), ARM, in not adding the husband's bonus to his gross income?

The mother argues that the husband's bonuses should have been included in his gross income and thus figured in the child support calculations. On the other hand, the husband contends that the District Court correctly applied 46.30.1508(2), ARM, in excluding his bonuses from his gross income. 46.30.1508, ARM, states in part:

> DETERMINATION OF GROSS INCOME
> (1)  In determining for each parent the resources which can be made available for child support, the following considerations  apply:
> (a) "gross income" means income from any source, except as excluded in subsection (d), and includes but is not limited to income from salaries, wages, commissions, <u>bonuses,</u> earnings, profits, dividends, severance pay, pensions, pre-retirement distributions . . .
> (2)  In determining a parent's gross income, do not consider income attributable to subsequent spouses . . . . If a person with a subsequent family has income from overtime or a second job, that income is presumed to be for the use of the subsequent family, and is not included in gross income for the purpose of determining support for a prior family. The presumption may be rebutted upon showing that the additional income is discretionary.

The District Court found that the husband's base income was $44,055 a year, but that he could obtain an additional sum based on merit and extra time spent on the job. The court also found that the husband was a salaried employee in a supervisory position.

We conclude that because the husband is a salaried employee in a supervisory position, he works extra hours as any supervisory

7

employee would and does not earn the additional sum of money **"from** overtime or a second **job"**. We are not persuaded that his bonus, which is strictly performance related, should be deemed a "second job income" or "overtime" used for the support of his second family under the guideline. Clearly his bonus is simply that, a bonus, which should be added to his gross income and considered part of his gross income. We hold that the District Court erred in its interpretation of the guideline. Accordingly, we reverse and remand to the District Court for a determination of child support consistent with the guideline.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this **opinion.**

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

8